**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RANDOLPH DAVILA,

        Plaintiff,

vs.

DEREK WOLFE,

        Defendant.

2:18-cv-02235-JAD-VCF

**ORDER**

MOTION FOR FRCP 35 EXAMINATION OF PLAINTIFF [ECF NO. 55]

Before the Court is defendant Derek Wolfe's motion for FRCP 35 examination of plaintiff Randolph Davila. (ECF No. 55). The defendant's motion is granted in part.

**I.**    **Background**

Plaintiff Davila alleges that defendant Wolfe battered him and caused him to suffer cervical injuries in January 2018 at the D'Rais Afterhours nightclub in Las Vegas: Davila brings claims for battery and intentional infliction of emotional distress against defendant Wolfe. (ECF No. 5-1). Defendant Wolfe moves this Court for an order that plaintiff submit to a physical examination under Fed. R. Civ. P. 35. The deadline to serve expert disclosures passed on May 6, 2020, the rebuttal expert disclosures deadline passed on June 5, 2020, and the discovery cutoff deadline is July 6, 2020. (ECF No. 45).

Wolfe argues in his motion that there is good cause for an independent examination because Davila's physical condition is in controversy. (ECF No. 55 at 6). Wolfe argues that he needs an independent examination because Davila's expert Thomas Dunn, MD changed his earlier opinion

regarding whether plaintiff needed surgery and to what extent plaintiff's injuries were pre-existing. (See *Id*. at 4, comparing Dr. Dunn's October 7, 2019 report to his May 6, 2020 report.)

Plaintiff Davila argues that defendant's motion is (1) untimely because discovery is set to close soon, (2) lacks good cause because he had previously offered to undergo a Rule 35 examination in September 2019 while he was still in Las Vegas; now the plaintiff is in Indonesia and is subject to restrictions due to COVID-19. (ECF No. 59). Defendant argues in his reply that his request is timely and that he has good cause for the request because Dr. Dunn only recently changed his opinion. (ECF No. 64).

**II.     Analysis**

Rule 35 of the Federal Rules of Civil Procedure permits a court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination. Fed. R. Civ. P. 35(a). Rule 35 states:

> (a)  Order for an Examination.
>
> (1) In General. The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> (2) Motion and Notice; Contents of the Order. The order:
>
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

The decision whether to order a Rule 35 examination rests in the sound discretion of the trial court. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964). The decision whether to order a Rule 35 examination is discretionary even when the "good cause" and "in

controversy" requirements are met. *Id.;* see also *Cruz v. Durbin*, No. 2:11-cv-342-LDG-VCF, 2014 U.S. Dist. LEXIS 150328, at 12-13 (D. Nev. Oct. 20, 2014).

The parties do not dispute that the extent and cause of the plaintiff's injuries are "in controversy" (ECF No. 59 at 14); the plaintiff's main point of contention is whether the defendant has demonstrated good cause given that discovery is due to close soon and the defendant previously did not opt to take a Rule 35 exam in Las Vegas in 2019. The Court finds that the defendant has demonstrated good cause: Wolfe could not have anticipated that the plaintiff's expert would provide an opinion that Wolfe alleges contradicts Dr. Dunn's first opinion and Wolfe timely filed his motion soon after the May 6, 2020 disclosure. The Court exercises its discretion and grants Wolfe's motion in part and denies it in part: the Court orders that Davila will submit to a physical or mental examination by a suitably licensed or certified examiner, but because the parties have not provided the information necessary pursuant to Rule 35, the Court will issue the order for the Rule 35 exam subject to the following conditions.

The Court orders that the parties must meet and confer within one week of this order regarding:

1. The time, place, manner, conditions, and scope of the examination, and exchange names of the potential person or persons who will perform it.
2. Regarding conditions and scope, what types of barriers COVID-19 presents regarding the Rule 35 examination and whether telemedicine or a virtual physical examination is feasible.
3. Whether any deadlines will need to be extended due to this examination.

Two weeks from the date of this order, the parties must either:

A. File a stipulated proposed Rule 35 order specifying the time, place, manner, conditions, and scope of the examination, along with the name of the person or persons who will perform it, including any discovery deadline extensions if needed; or

        B.    File two competing proposed Rule 35 orders specifying the time, place, manner, conditions, and scope of the examination, along with the name of the person or persons who will perform it, including any discovery deadline extensions if needed.

Accordingly, and for good cause shown,

IT IS ORDERED that the defendant Wolfe's motion for a FRCP 35 examination of plaintiff (ECF No. 55) is GRANTED IN PART.

IT IS FURTHER ORDERED that the parties have until Wednesday, June 24, 2020 to meet and confer as specified in this order.

IT IS FURTHER ORDERED that the parties have until Wednesday, July 1, 2020 to either submit a stipulated proposed Rule 35 order or submit two competing proposed Rule 35 orders, as specified in this order.

DATED this 17th day of June 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE